498 P.2d 198

**STATE of Arizona, Appellee,**

v.

**Freddie Marvin LANGLOIS, Appellant.**

No. 2339.

Supreme Court of Arizona,
In Banc.

June 21, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by Jerry C. Schmidt, Former Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Pima County Public Defender, by Eleanor Daru Schorr, Deputy Public Defender, Tucson, for appellant.

HAYS, Chief Justice.

Defendant in this case appeals only from the sentence he received when he pleaded guilty to armed robbery, first degree. The sentence was in the following language:

> "[I]mprisonment for a term of not less than ten (10) years, and not more than fifteen (15) years, to date from April 26, 1971; said sentence to run consecutively with the sentence imposed on February 9, 1971 in case No. A–18446."

Defendant's objection to the sentence is not its length but its ambiguity. It is not possible for the sentence to start on April 26, 1971, and still be served consecutively with the sentence imposed in the prior case, since the latter sentence will not expire for several years, and any consecutive sentence must commence at the expiration of the prior sentence.

Ordinarily, we would have to either interpret the words used in the trial court's judgment, or remand the case for clarification. Neither procedure is necessary in the instant case, however, because both defendant and the State interpret the words to have the same meaning! The State argues that the meaning is clear and that "consecutive" simply means that it is consecutive "to that part of the February 9, 1971, sentence which had been served by the appellant up to the beginning date of the second sentence, to wit, April 26, 1971, and the remaining term of the second sentence necessarily would run concurrently with that part of the first sentence which the appellant would serve after April 26, 1971." This is, of course, one possible way to resolve the ambiguity.

In his reply brief defendant states: "Appellant concurs with the state's interpreta-

tion of the sentence imposed upon him on April 19, 1971. It therefore respectfully requested that this court order that the appellant's sentence·date from April 26, 1971, and that it not be served consecutive to the sentence imposed upon appellant on February 9, 1971, in case number A–18446."

We order that the sentence be interpreted as indicated by the parties.

Judgment and sentence affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD, and HOLOHAN, JJ., concur.